Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac pending*)
Alexandra C. Hottenrott (*pro hac pending*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTIN BEAULIER, et al.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | CASE NO. 3:26-cv-02632-CRB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　　August 14, 2026<br>Time:　　　　10:00 a.m.<br>Courtroom:　6<br>Judge: Hon. Charles R. Breyer |

TO PLAINTIFF AUSTIN BEAULIER AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 14, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Meta Platforms, Inc. (hereinafter "Meta"), through its

META PLATFORMS, INC. MOTION TO
DISMISS
CASE NO. 3:26-cv-02632 (CRB)

undersigned counsel, will, and hereby does, move to dismiss all claims asserted in Plaintiff's Complaint, which are brought under the Digital Millennium Copyright Act.

Meta seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Counts I and II of the Complaint for failure to state a claim upon which relief can be granted.

Dated: May 22, 2026

MORRISON & FOERSTER LLP

/s/ *Joseph C. Gratz*

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac pending*)
Alexandra C. Hottenrott (*pro hac pending*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant Meta Platforms, Inc.*

**STATEMENT OF ISSUES TO BE DECIDED**

This motion raises the following issues:

1.      **Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) (Removal of Copyright Management Information) (Count I).** Whether this claim should be dismissed for failure to sufficiently allege (i) removal or alteration of copyright management information ("CMI"), (ii) the requisite intent for that removal or alteration, or (iii) the requisite reason to know that removal or alteration would induce, enable, facilitate, or conceal infringement.

2.      **Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(3) (Distribution of Works Knowing CMI Has Been Removed) (Count II).** Whether this claim should be dismissed for failure to sufficiently allege (i) distribution, importing for distribution, or public performance of works with CMI that has been removed or altered without authorization, (ii) the requisite knowledge of that removal or alteration, or (iii) the requisite reason to know that such conduct would induce, enable, facilitate, or conceal infringement.

META PLATFORMS, INC. MOTION TO
DISMISS                                                     3
CASE NO. 3:26-cv-02632 (CRB)

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II.    PLAINTIFF'S ALLEGATIONS ............................................................................... 2

III.    LEGAL STANDARD ............................................................................................... 3

IV.    ARGUMENT ............................................................................................................ 4

    A.    Plaintiff Has Not Pleaded a Claim for Removal of CMI ......................................... 4

        1.    The Complaint Does Not Allege "Removal" ............................................. 5

            a.    The Complaint does not directly allege "removal." ....................... 5

            b.    The facts alleged in the complaint do not add up to "removal." ................................................................................ 6

        2.    The Complaint Does Not Allege Intentional Removal .............................. 7

        3.    The Complaint Does Not Allege Knowledge or Reasonable Grounds to Know Removal Would Induce, Enable, Facilitate, or Conceal Copyright Infringement .................................................. 9

    B.    Plaintiff Has Not Pleaded a Claim for Distribution of Works Knowing CMI Has Been Removed ................................................................................ 10

V.    CONCLUSION .................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................... 3, 5, 6, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................. 3, 5, 6

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ................................................................................... 3

*GreenCycle Paint, Inc. v. PaintCare, Inc.*,
   250 F. Supp. 3d 438 (N.D. Cal. 2017) ...................................................................... 5

*Harrington v. Pinterest, Inc.*,
   No. 20-cv-05290-EJD, 2022 WL 4348460 (N.D. Cal. Sept. 19, 2022) .............................. 9, 10

*In re Century Aluminum Co. Sec. Litig.*,
   729 F.3d 1104 (9th Cir. 2013) ................................................................................... 5

*J. Doe 1 v. GitHub, Inc.*,
   672 F. Supp. 3d 837 (N.D. Cal. 2023) ...................................................................... 9

*Kelly v. Arriba Soft Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999) ...................................................................... 8

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ..................................................................................... 3

*Logan v. Meta Platforms, Inc.*,
   No. 22-CV-01847-CRB, 2023 WL 3668520 (N.D. Cal. May 24, 2023) ........................... 1, 8, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ................................................................................... 3

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ................................................................................... 3

*O'Neal v. Sideshow, Inc.*,
   583 F. Supp. 3d 1282 (C.D. Cal. 2022) ..................................................................... 4

*Stevens v. CoreLogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ................................................................................. 4, 9

**Statutes**

17 U.S.C. § 1202(b) ................................................................................................................. 4

17 U.S.C. § 1202(b)(1) .................................................................................................... *passim*

17 U.S.C. § 1202(b)(3) .............................................................................................................. 11

17 U.S.C. § 1202(c) ................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 3, 10, 11

**Other Authorities**

Bruce A. Lehman, *Intellectual Property and the National Information Infrastructure: The Report of the Working Group on Intellectual Property Rights* (Sept. 1995) .................................................................................................. 6, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This action arises out of Meta's alleged use of Plaintiff's 3D models to train artificial intelligence (AI) systems. Unlike others whose materials were used to train AI systems, however, Plaintiff does not bring a claim for copyright infringement, for he does not own any registered copyrights. Instead, he attempts to bring a claim under Section 1202, for issues relating to the removal of copyright management information.

First, the Complaint does not plausibly allege that Meta "removed" or "altered" CMI, as the statute requires. Instead, Plaintiff repeatedly alleges that Meta "removed, failed to preserve, or disregarded" CMI. As written, Plaintiff's allegations are as consistent with mere failure to preserve CMI—conduct the statute does not reach—as with prohibited removal and therefore do not state a plausible claim. Indeed, the Complaint's own factual allegations reinforce that what is alleged is not targeted "removal" of CMI but a technical process that converts works into formats that cannot accommodate CMI. Plaintiff alleges that the separation of CMI from his works is an "inherent consequence" of this difference in format—and therefore not the product of an affirmative act of removal by Meta. This deficiency is fatal to both Counts I and II.

Second, the Complaint does not plausibly allege that CMI was removed "intentionally," as the statute requires. Plaintiff alleges, again, that the removal of CMI was "inherent" in converting the data to a format suitable for AI training, a conversion process that operates the same way whether or not CMI is present. This does not plausibly allege intentional removal of CMI. The key authority is *Logan v. Meta Platforms, Inc.*, No. 22-CV-01847-CRB, 2023 WL 3668520 (N.D. Cal. May 24, 2023). In *Logan*, this Court held that a uniform process for cropping photographs into thumbnails—a process that incidentally eliminated the plaintiff's signature—did not give rise to a plausible inference of intentional CMI removal. The same reasoning governs here: Plaintiff alleges a uniform process of format conversion that incidentally and inherently eliminated Plaintiff's CMI, and those allegations establish that there was no intentional removal of CMI.

Third, the Complaint does not plausibly allege that Meta had "reasonable grounds to

META PLATFORMS, INC. MOTION TO
DISMISS                                           1
CASE NO. 3:26-cv-02632 (CRB)

know" that the absence of CMI would "induce, enable, facilitate, or conceal" copyright infringement, as the statute requires. Plaintiff does no more than recite the statutory language, and this is insufficient. Additionally, the Complaint identifies no underlying act of infringement—whether by Meta or any downstream third party—that was induced, enabled, facilitated, or concealed by the absence of CMI. Without an identified act of infringement, there is nothing to which the knowledge element can attach. This deficiency is fatal to both Counts I and II.

Finally, Count II fails for a further, independent reason as well: the Complaint does not allege *any* distribution of Plaintiff's supposedly copied works. It does not allege that Meta gave copies of Plaintiff's 3D models—with or without CMI—to any third party. This omission is independently fatal to a claim whose very predicate is the act of distribution.

For these reasons, the Complaint fails to state any claim against Meta and should be dismissed in its entirety.

## II.    PLAINTIFF'S ALLEGATIONS

This case involves Meta's SAM-3D system, a generative AI model that can reconstruct high-quality 3D objects, people, and scenes from single 2D images. *See* <https://sam-3d.com>. As alleged in the Complaint (*e.g.*, Compl. ¶¶ 75-86), this model was trained on a subset of the Objaverse-XL dataset – a database of more than 10 million 3D objects offered to the public under royalty-free Creative Commons licenses – collected as part of a collaboration among researchers at various institutions, including the Allen Institute for AI, University of Washington, Columbia University, Stability AI, LAION, and Caltech. *See* <https://objaverse.allenai.org>.

In the Complaint Plaintiff alleges that (i) he has created "digital three-dimensional models, photogrammetry scans, and other visual assets used in animation, visual effects, virtual environments, and related digital media applications," (ii) he has offered these works through "repositories such as Sketchfab, CGTrader, Thingiverse, and Polycam and other digital asset platforms," (iii) he owns "the copyrights and other exclusive rights in his original 3D works that he created and published online," and (iv) his "original 3D works are included in Objaverse-XL and related derivative datasets, used to train Defendant's AI systems." Compl. ¶¶ 24-29.

META PLATFORMS, INC. MOTION TO DISMISS
CASE NO. 3:26-cv-02632 (CRB)

2

Plaintiff alleges that (i) Meta "copied, converted, rendered, normalized, and otherwise processed the models through machine-learning preprocessing pipelines;" (ii) as part of that process, the "CMI that accompanied the works when originally distributed" was "removed, failed to be preserved, or otherwise disregarded, resulting in the use of CMI-stripped representations of Plaintiff's works within Defendant's AI training datasets;" and (iii) Meta "used these CMI-stripped representations of Plaintiff's works as inputs to train generative AI systems capable of producing new 3D objects, environments, and digital assets, and integrated those systems into commercial products, developer platforms, and enterprise technologies." Compl. ¶¶ 87; 105.

As discussed below, these allegations do not meet the standard for either of his claims.

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level" and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).

Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), the Court may not consider materials outside of the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). It "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, it does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted).

META PLATFORMS, INC. MOTION TO
DISMISS                                              3
CASE NO. 3:26-CV-02632 (CRB)

## IV.    ARGUMENT

As defined in the DMCA, copyright management information refers to certain "information conveyed in connection with copies . . . of a [copyrighted] work," including in digital form, such as its title, author, copyright owner, terms and conditions of use, or other indicia normally set forth in a copyright notice. 17 U.S.C. § 1202(c).

Here, in an unusual bit of phrasing, Plaintiff alleges that Meta violated the DMCA by (1) removing, **failing to preserve, <u>or</u> otherwise disregarding** CMI for the works at issue, and (2) distributing <u>**or using**</u> those works knowing that CMI had been removed or altered without authorization. *E.g.*, Compl. ¶¶ 15 ("in a manner that removed, failed to preserve, or disregarded creator-identifying information"), Count II ("Distribution or Use of Works Knowing CMI Has Been Removed"). These implausible allegations, phrased in the disjunctive, and which do not mirror the statutory provisions at issue, cannot support a DMCA claim.

### A.    Plaintiff Has Not Pleaded a Claim for Removal of CMI

The statute that serves as the basis for Plaintiff's first claim, "Removal or alteration of copyright management information," states that "No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information . . . knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b).

To plead this claim, a plaintiff must plausibly allege: (1) the existence of CMI on a work, (2) removal or alteration of that information, (3) that the removal or alteration was done intentionally, and (4) the removal or alteration was done knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal copyright infringement. 17 U.S.C. § 1202(b); *Stevens v. CoreLogic, Inc.,* 899 F.3d 666, 673 (9th Cir. 2018) (discussing the mental state elements); *O'Neal v. Sideshow, Inc.,* 583 F. Supp. 3d 1282, 1286-87 (C.D. Cal. 2022) (discussing other elements).

Here, Plaintiff does not plausibly allege (i) that Meta removed or altered CMI, intentionally or otherwise, (ii) that any such removal or alteration was intentional, (iii) that the

META PLATFORMS, INC. MOTION TO
DISMISS                                                4
CASE NO. 3:26-cv-02632 (CRB)

removal or alteration would induce, enable, facilitate, or conceal copyright infringement, or (iv) that Meta knew or had reasonable grounds to know that removal or alteration would induce, enable, facilitate, or conceal copyright infringement.

### 1.   The Complaint Does Not Allege "Removal"[1]

Section 1202(b)(1) applies only when the defendant has "remove[d] or alter[ed] any copyright management information." 17 U.S.C. § 1202(b)(1). The Complaint does not allege facts supporting a plausible inference of removal or alteration.

### a.   The Complaint does not directly allege "removal."

The first problem with Plaintiff's allegations is that he does not actually allege that Meta removed or altered any CMI. Instead, he alleges "[t]he case arises from Defendant's removal **or** failure to preserve" CMI, Compl. ¶ 1 (emphasis added), or, occasionally, that Meta "removed, failed to preserve, **or** disregarded" CMI. Compl. ¶ 15 (emphasis added). This issue is pervasive. *E.g.*, Compl. ¶¶ 1, 15, 62, 63, 87, 101, 107, 112, 128, 137(e), 150, 161. The statute does not prohibit "failure to preserve" CMI, nor does it prohibit one from "disregard[ing]" CMI. It prohibits only certain acts of removal or alteration. Because the allegations are as consistent with mere failure to preserve CMI or mere disregard of CMI, they do not plead removal or alteration, as the statute requires. *See*, *e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*") (internal citations omitted); *GreenCycle Paint, Inc. v. PaintCare, Inc.*, 250 F. Supp. 3d 438, 447 (N.D. Cal. 2017) ("where a plaintiff's allegations are stuck in 'neutral territory,' *i.e.*,

---

[1] Although it mentions "alteration" in passing (Compl. ¶¶ 10, 63, 137(e), 146, 151, 153, 155, 157, 161, 163), generally in tandem with "removal," and in references to the relevant statute, the Complaint offers no facts supporting any claim that Meta engaged in any conduct that would be considered "alteration" of CMI.

META PLATFORMS, INC. MOTION TO
DISMISS
CASE NO. 3:26-CV-02632 (CRB)

5

they do not tend to exclude the innocent explanation, such allegations fall short of what *Iqbal* and *Twombly* require.").

The only unqualified descriptions of Meta's conduct as involving "removal" or "alteration" occur in Plaintiff's class allegations and causes of action—not in the factual narrative. *See* Compl. ¶ 135 ("Defendant trained commercial generative AI systems on Plaintiff's 3D models after removing the copyright management information that accompanied those works."); Compl. ¶¶ 146, 151, 163, 164, 168. Each of these statements is a legal conclusion cast in the form of a factual allegation, devoid of any supporting facts purportedly describing how any CMI actually was removed. Under *Iqbal*, courts are not required to accept as true "formulaic recitation[s] of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations omitted). Plaintiff did not (and apparently cannot) straightforwardly allege this most basic statutory element. This alone justifies dismissal.

**b.      The facts alleged in the complaint do not add up to "removal."**

The Complaint's factual allegations confirm that what is alleged is not "removal" of CMI but instead, at best, a process that converts works into different formats that by their nature cannot accommodate CMI. Plaintiff alleges that 3D model files are "copied and processed" and "converted" into machine-learning inputs through operations such as "format conversion, mesh normalization, rendering, [and] voxelization." Compl. ¶¶ 45, 144-45, *see also* Compl. at ¶¶ 95-100. These processes are alleged to transform those files into numerical or visual representations suitable for model training. Compl. ¶¶ 96-99. In the course of those transformations, the Complaint alleges, the works "are separated from" their attribution and licensing information. Compl. ¶ 100.

The processes described in the Complaint do not amount to "removal" of CMI under Section 1202. Indeed, the statute's framers contemplated such processes and stated that they do not violate the statute. In the 1995 Commerce Department report that first proposed the text of Section 1202 (the "White Paper"), they wrote that "[w]hile a transmitting entity may not remove the copyright management information, if such information is not included in the normal course

of the transmission (such as when a work in digital form is broadcast through analog transmission), no violation would occur." Bruce A. Lehman, *Intellectual Property and the National Information Infrastructure: The Report of the Working Group on Intellectual Property Rights*, 240 n.575 (Sept. 1995), <https://files.eric.ed.gov/fulltext/ED387135.pdf#page=240>.

Plaintiff concedes that any separation of CMI from his works is **inherent** in the processes described in the Complaint, not the result of an intentional act by Meta directed at the CMI associated with a particular work: "[t]his separation between the creative content of a work and the CMI that accompanied it is a foreseeable and **inherent** consequence of using large-scale creative datasets to train generative artificial intelligence systems." Compl. ¶ 103 (emphasis added). This allegation is fatal to any claim of "removal." An "inherent consequence" is one that occurs automatically as a function of the process—not because a defendant took an affirmative step to strip metadata from a work. Where a process produces outputs that do not carry forward metadata, the absence of CMI reflects the nature of the output format, not an act of removal.

This is common sense. One would not say that taking a black-and-white photograph of a rose **removes** its red color, because that format inherently does not carry forward color. One would not say that a court stenographer **removes** the sarcasm in the judge's voice from the transcript, because that format inherently does not carry forward tone of voice. And likewise, one would not say that converting a 3D model into a distinct format suitable for AI training **removes** its CMI, because that format (the complaint alleges) inherently does not carry forward CMI.

In short, the Complaint's allegations describe, at best, a process that converts works into formats that cannot accommodate CMI. Plaintiff affirmatively alleges that the resulting separation of CMI is an "inherent consequence" of that process—not the result of an affirmative act of removal. Because § 1202(b)(1) requires removal or alteration of CMI, and the Complaint plausibly alleges neither, Plaintiff's claim fails as a matter of law.

### 2.     The Complaint Does Not Allege Intentional Removal

Relatedly, but distinctly, the Complaint does not allege that Meta removed CMI "intentionally." 17 U.S.C. § 1202(b)(1).

META PLATFORMS, INC. MOTION TO DISMISS
CASE NO. 3:26-cv-02632 (CRB)

7

Plaintiff alleges that "separation between the creative content of a work and the CMI that accompanied it is a foreseeable and inherent consequence of using large-scale creative datasets to train generative artificial intelligence systems." Compl. ¶ 103. "As a result, once a work has been converted into machine-learning training inputs, it is no longer possible for the training system itself to identify the creator of the work or to comply with the attribution requirements or licensing conditions associated with that work." Compl. ¶ 102.

Even assuming this process constitutes "removal" (which, as addressed above, it does not), the question still remains whether a side-effect of a technical process that operates identically regardless of whether CMI is present can constitute "intentional" removal.

This Court, in another case involving Meta, previously ruled that it cannot. In *Logan v. Meta Platforms, Inc.*, an aerial photographer sued Meta for, among other things, violating Section 1202(b). *Logan*, 2023 WL 3668520, at *6. The photographer alleged that Meta removed CMI "by cropping out a signature from the bottom corner of one of Logan's photos when Facebook turned the photo into a thumbnail." *Id.* This Court held that the photographer had failed to plausibly plead *intentional* removal of CMI, because "every photo, when turned into a thumbnail on Facebook, is cropped to a small, uniform size." *Id.* (emphasis in original). "Thus, anything in the photograph outside of that space will be excluded from the thumbnail." *Id.* The photographer argued that "because his attribution was outside of the thumbnail's cropped square, that he has plausibly pleaded intentionality." *Id.* "But the fact that **all** Facebook thumbnails are similarly cropped belies this assumption," because the same parts of the image are omitted whether or not they contain CMI. *Id.* (emphasis in original). In other words, "instead of only removing Logan's signature and keeping the rest of the photo intact, the photo was instead uniformly cropped to be used as a thumbnail, losing the signature in the process." *Id.* at *7. Under those circumstances, the facts did not lead to the plausible inference that the removal of CMI was intentional, as opposed to being an "unintended side effect." *Id.* at *6. (quoting *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003)).

META PLATFORMS, INC. MOTION TO DISMISS
CASE NO. 3:26-cv-02632 (CRB)

8

This case presents the same situation. Plaintiff alleges that "Defendant processed the models through machine-learning preprocessing pipelines designed to convert raw 3D assets into training inputs suitable for generative AI systems," which "involves transforming raw 3D asset files into numerical or visual representations that can be used as training inputs." Compl. ¶ 95, 97. "These preprocessing operations—including format conversion, mesh normalization, rendering, voxelization, and related transformations—separate the expressive content of the work from the attribution information, licensing metadata, and other CMI associated with the work when originally distributed." Compl. ¶ 145. Crucially, just as in *Logan*, Plaintiff here does not allege that Meta did this processing *in order to remove the CMI*. In *Logan*, Meta did the processing in order to create a thumbnail, which had the side effect of cropping out the plaintiff's signature. Here, Plaintiff says Meta did the processing in order to place the data "into numerical or visual representations that can be used as training inputs," which Plaintiff says had the side effect of "separat[ing] the expressive content of the work from the attribution information, licensing metadata, and other CMI associated with the work when originally distributed." Compl. ¶ 145. As in *Logan*, those allegations establish that there was no *intentional* removal of CMI.

### 3. The Complaint Does Not Allege Knowledge or Reasonable Grounds to Know Removal Would Induce, Enable, Facilitate, or Conceal Copyright Infringement

A Section 1202(b) claim also requires that the defendant possess "the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement." *Stevens*, 899 F.3d at 673. The Ninth Circuit has held that satisfying this element ultimately requires an affirmative showing—such as a "past 'pattern of conduct' or 'modus operandi'"—demonstrating the defendant's awareness of probable infringement. *Id*. at 674. At the pleading stage, the plaintiff must "allege sufficient facts to support the reasonable inference that the defendant 'knew or had a reasonable basis to know that the removal or alteration of CMI … w[ould] aid infringement.'" *J. Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 858 (N.D. Cal. 2023) (*quoting Harrington v. Pinterest, Inc.*, No. 20-cv-05290-EJD, 2022 WL 4348460 at *5 (N.D. Cal. Sept. 19, 2022)). Plaintiff does not allege *any* facts to support such an

META PLATFORMS, INC. MOTION TO
DISMISS                                                    9
CASE NO. 3:26-CV-02632 (CRB)

inference.

The Complaint attempts to characterize Meta's alleged knowledge of Plaintiff's CMI, but it fails to bridge a critical gap: knowing that CMI was removed to *aid infringement*.

Plaintiff alleges that Meta knew that the models at issue were distributed with CMI on their original platforms. Compl. ¶ 148. He further alleges that such CMI was not preserved as a result of the data processing used to convert the models into a suitable format for AI training. Compl. ¶ 149. But Plaintiff's sole assertion of the knowledge element, Compl. ¶ 151 ("Defendant therefore knew, or had reasonable grounds to know, that the removal or alteration of CMI would induce, enable, facilitate, or conceal infringement"), simply parrots the statutory language. This is wholly conclusory and insufficient as a matter of law. *See Iqbal*, 556 U.S. at 678.

Even if Plaintiff's restatement of the statutory language was sufficient, which it is not, Section 1202(b)'s scienter element presupposes an underlying act of infringement. Here, the Complaint identifies none. It does not allege that Meta used the models *because* CMI was removed, or that Meta would have *refrained* from using the models if CMI had not been removed. It does not identify a single downstream or third-party infringer, or even Meta itself, whose infringement was induced, enabled, facilitated, or concealed by the removal of CMI, or who is likely to infringe because of the absence of CMI. *See* Compl. ¶¶ 148-151. Any supposed subsequent infringement is entirely hypothetical, and without an identified act, there is nothing to which the knowledge element can attach. Plaintiff has not adequately alleged this additional element, and his claim should be dismissed as a result.

---

For the foregoing reasons, Plaintiff's Claim I, for "Removal or Alteration of Copyright Management Information" under 17 U.S.C. § 1202(b)(1), should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**B.    Plaintiff Has Not Pleaded a Claim for Distribution of Works Knowing CMI Has Been Removed**

Plaintiff also brings a claim under Section 1202(b)(3), which prohibits "distribut[ing],

META PLATFORMS, INC. MOTION TO
DISMISS                                                    10
CASE NO. 3:26-cv-02632 (CRB)

import[ing] for distribution, or publicly perform[ing] works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law," while "having reasonable grounds to know, that it will induce, enable, facilitate, or conceal" infringement. 17 U.S.C. § 1202(b)(3).

Two of the reasons this claim is subject to dismissal have already been covered above: (1) it requires that Meta removed CMI, and converting data into a format that cannot accommodate CMI is not "removal," as discussed in Section 1(a) above; and (2) there is no allegation of any infringement that was induced, enabled, facilitated, or concealed as a result of the absence of CMI, or Meta's knowledge thereof,  as discussed in Section 1(c) above.

The distribution claim is subject to dismissal for a third reason as well: the Complaint does not allege any distribution. The Complaint does not say that Meta gave any copies of Plaintiff's 3D models to anyone else, with or without CMI. That is fatal to Plaintiff's distribution claim.

---

For the foregoing reasons, Plaintiff's Claim II, for "Distribution or Use [sic] of Works Knowing CMI Has Been Removed" under 17 U.S.C. § 1202(b)(3), should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## V.    CONCLUSION

For all of these reasons, Meta respectfully submits that Plaintiffs' Complaint fails to state any claim against Meta and should be dismissed in its entirety.

Dated: May 22, 2026

Respectfully submitted,

/s/ *Joseph C. Gratz*

MORRISON & FOERSTER LLP

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac pending*)
Alexandra C. Hottenrott (*pro hac pending*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant Meta Platforms, Inc.*

META PLATFORMS, INC. MOTION TO DISMISS
CASE NO. 3:26-cv-02632 (CRB)

12

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 22, 2026 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case

/s/ *Joseph C. Gratz*

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

META PLATFORMS, INC. MOTION TO
DISMISS                                           13
CASE NO. 3:26-CV-02632 (CRB)