Joseph C. Gratz (CA SBN 240676)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-6066
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac vice*)
Alexandra C. Hottenrott (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C. 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant, Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTIN BEAULIER, et al., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | CASE NO. 3:26-cv-02632-CRB <br><br> **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** <br><br> Date: August 28, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 6 <br> Judge: Hon. Charles R. Breyer |

REPLY ISO MOTION TO DISMISS
CASE NO. 3:26-CV-02632 (CRB)

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 1

II.    ARGUMENT ............................................................................................................. 1

   A.   Plaintiff's § 1202(b)(1) Claim Should Be Dismissed ............................................ 1

     1.    The Complaint Does Not Allege Removal, in the Alternative or Otherwise.................. 1

     2.    Mere Allegations That Works Have Been Processed Into a Format That Cannot Accommodate CMI is Not "Removal"........................................................................... 2

     3.    Plaintiff Did Not Allege Intentional Removal and Cannot Backpedal Now .................. 4

     4.    Plaintiff Has Not Pleaded That Meta Enabled or Induced Any Infringement, Let Alone with the Requisite Knowledge........................................................................... 5

   B.   Plaintiff's § 1202(b)(3) Claim Should Be Dismissed ............................................ 7

   C.   Plaintiff's Claims Should Be Dismissed with Prejudice......................................... 8

III.    CONCLUSION ............................................................................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Concord Music Grp., Inc. v. Anthropic PBC*,
2025 WL 4808984 (N.D. Cal. Oct. 6, 2025)................................................................ 5, 6

*Crafty Productions, Inc. v. Michaels Companies, Inc.*,
389 F. Supp. 3d 876 (S.D. Cal. 2019)...................................................................... 1, 4

*Doe 1 v. GitHub, Inc.*,
672 F. Supp. 3d 837 (N.D. Cal. 2023) ..................................................................... 3, 4

*Free Speech Sys., LLC v. Menzel*,
390 F. Supp. 3d 1162 (N.D. Cal. 2019) ....................................................................... 5

*FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*,
2022 WL 891473 (D. Minn. Mar. 25, 2022)................................................................. 7

*GC2 Inc. v. International Game Technologies PLC*,
255 F. Supp. 3d 812 (N.D. Ill. 2017) .......................................................................... 3

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013)..................................................................................... 2

*Intango, Ltd. v. Mozilla Corporation*,
2020 WL 12584274 (N.D. Cal. Aug. 25, 2020)........................................................... 8

*Izmo, Inc. v. Roadster, Inc.*,
2019 WL 13210561 (N.D. Cal. Mar. 26, 2019)............................................................ 3

*Kadrey v. Meta Platforms, Inc.*,
2025 WL 744032 (N.D. Cal. Mar. 7, 2025).................................................................. 6

*Karam v. Meta Platforms, Inc.*,
2025 WL 3079048 (N.D. Cal. Nov. 4, 2025)................................................................ 1

*Kelly v. Arriba Soft Corp.*,
77 F. Supp. 2d 1116 (C.D. Cal. 1999).......................................................................... 4

*Logan v. Meta Platforms, Inc.*,
2023 WL 3668520 (N.D. Cal. May 24, 2023) .............................................................. 4

*New York Times Co. v. Microsoft Corp.*,
777 F. Supp. 3d 283 (S.D.N.Y. 2025)............................................................... 4, 5, 6, 7

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998)..................................................................................... 8

*Stevens v. Corelogic, Inc.*,
  899 F.3d 666 (9th Cir. 2018)................................................................................. 5

*The Intercept Media, Inc. v. OpenAI, Inc.*,
  767 F. Supp. 3d 18 (S.D.N.Y. 2025) .................................................................. 4, 5

*Vera v. Warden*,
  2022 WL 2820108 (N.D. Cal. July 19, 2022)........................................................ 8

*Weisbuch v. Cnty. of Los Angeles*,
  119 F.3d 778 (9th Cir. 1997)................................................................................. 8

*Wright v. Miah*,
  2023 WL 6219435 (E.D.N.Y. Sep. 7, 2023)........................................................... 7

*Young v. Meta Platforms, Inc.*,
  2025 WL 2930979 (N.D. Cal. Oct. 15, 2025)......................................................... 8

**Statutes**

17 U.S.C. § 106(3) ...................................................................................................... 7

17 U.S.C. § 1202 ............................................................................................... 2, 3, 4, 5

17 U.S.C. § 1202(b) ..................................................................................................... 2, 5

17 U.S.C. § 1202(b)(1)................................................................................................ 1, 7

17 U.S.C. § 1202(b)(3)................................................................................................ 1, 7

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................... 2

Fed. R. Civ. P. 12(b)(6)................................................................................................ 7

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

In his opposition brief (ECF 29, "Opp."), Plaintiff attempts to rewrite his Complaint (ECF 1, "Compl."), most notably by asserting that (i) in pleading that Meta "removed, failed to preserve, or disregarded" copyright management information ("CMI"), as required by Section 1201(b)(1), he actually meant that Meta "removed or altered" that information; (ii) in pleading that the separation of CMI from his works was an "inherent consequence" of Meta's processing of those works, he actually meant that Meta had the option to preserve that CMI but deliberately chose not to do so, and (iii) in pleading that Meta distributed those works, as required by Section 1201(b)(3), he actually meant that Meta transferred those works from itself to itself.

Plaintiff cannot run from his own allegations. Because his Complaint does not plausibly allege the elements of either of his claims, both should be dismissed with prejudice.

**II.     ARGUMENT**

**A.      Plaintiff's § 1202(b)(1) Claim Should Be Dismissed**

It is well settled that, on a motion to dismiss, a court may not look beyond a complaint to the plaintiff's moving papers. *E.g.*, *Karam v. Meta Platforms, Inc.*, 2025 WL 3079048, at *1 (N.D. Cal. Nov. 4, 2025) (refusing to consider the 'expanded' allegations and 'evidence' proffered in Plaintiff's opposition). Because Plaintiff may not use his opposition to argue new allegations, the Court must instead focus on the language of the Complaint itself. *See Crafty Prods., Inc. v. Michaels Cos., Inc.*, 389 F. Supp. 3d 876, 886 n.8 (S.D. Cal. 2019) (noting that Plaintiffs' opposition contradicted their complaint, and that the Court would rely on the complaint rather than the subsequent explanation). Here, because the allegations in Plaintiff's Complaint are insufficient to support his claims, the Court should grant Meta's motion to dismiss.

**1.      The Complaint Does Not Allege Removal, in the Alternative or Otherwise**

The parties agree that a Section 1202(b)(1) claim requires a plaintiff to plausibly allege that the defendant "remov[ed] or alter[ed]" CMI that existed on the allegedly infringed works. 17 U.S.C. § 1202(b)(1). Indeed, in his opposition Plaintiff appears to agree that his allegations

that Meta "failed to preserve" or "disregarded" CMI do not result in liability under the statute. Opp. at 5. (calling those alleged acts the "non-liability version[s] of events.")

A plaintiff can, of course, plead in the alternative: alleging facts that make one liability-generating version of events plausible, and then alleging different, even inconsistent, facts that make a different liability-generating version of events plausible. Fed. R. Civ. P. 8. But that is not what Beaulier did here. Instead, Beaulier's allegations are equally consistent with facts that could generate liability (that Meta removed the CMI) and facts that cannot generate liability (that Meta did not remove the CMI, but instead failed to preserve the CMI or disregarded the CMI). This is precisely what *In re Century Aluminum* says a plaintiff may not do. "[P]laintiffs must do more than allege facts that are merely consistent with both their explanation and defendants' competing explanation"—by alleging facts that tend to exclude the non-liability-generating possibility. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1105 (9th Cir. 2013). Nothing in the Complaint tends to show that Meta affirmatively removed the CMI, as opposed to having failed to preserve it or having disregarded it. And, under *In re Century Aluminum*, that means the Complaint is subject to dismissal.

### 2. Mere Allegations That Works Have Been Processed Into a Format That Cannot Accommodate CMI is Not "Removal"

Next, Plaintiff argues that "passive non-inclusion or technical non-preservation" may qualify as "removal" under Section 1202(b). Opp. at 5. However, Plaintiff presents no response to Meta's argument that Section 1202 does not encompass situations where CMI is not capable of being transmitted through the format at issue. ECF 21 at 6-7. That situation is precisely what Plaintiff alleges has occurred here: he repeatedly alleges that the works must be converted into "machine-learning representations" that are "suitable" for training, namely "numerical or visual" representations. Compl. ¶¶ 95-98. Plaintiff alleges that "once a work has been converted into" such a format, "it is no longer possible for the training system itself to identify the creator of the work or to comply with the attribution requirements or licensing conditions associated with that work." Compl. ¶ 102. The loss of CMI is thus, Plaintiff alleges, an "inherent consequence" of such conversions. Compl. ¶ 103. Those are not facts "uniquely within Meta's possession," Opp.

at 1; they are Plaintiff's affirmative factual allegations, and they establish that the absence of CMI results from processing into a format that cannot accommodate CMI, not from intentional removal.

Plaintiff's citation to *GC2 Inc. v. International Game Technologies PLC*, 255 F. Supp. 3d 812, 821 (N.D. Ill. 2017) is not to the contrary. In *GC2*, the CMI in question was text written at the top of a source code file, and there was no allegation that removal was inherent in anything the defendant had done. *Id.* at 822. There was no reason the CMI in *GC2* couldn't have stayed right where it was; that's why its absence gave rise to the inference that it had been intentionally removed. Here, by contrast, Plaintiff alleges that there was conversion to a format suitable for training, which could not accommodate CMI. Compl. ¶ 102. According to Beaulier, there *was* a reason the CMI couldn't have stayed right where it was, and that's why its absence does not give rise to the inference that it has been intentionally removed.

*Doe 1* is similarly unhelpful to Plaintiff. In *Doe 1*, the defendants were alleged to have "trained [their] programs to ignore or remove CMI" and "intentionally designed the programs to remove CMI" from any outputs containing licensed code. *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 858 (N.D. Cal. 2023). This is not "passive non-inclusion or technical non-preservation," but instead an allegation of *active* steps taken to remove CMI. Plaintiff does not make such allegations in his Complaint.

Plaintiff's final case, *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 13210561 (N.D. Cal. Mar. 26, 2019), fares no better. That case stands for the proposition that, where a plaintiff plausibly alleges that a defendant removed CMI, but does not specify the precise method by which that CMI was removed, the claim may proceed to discovery. *Id.* at *3-4. But Beaulier's problem is not that he has provided insufficient details about the method at issue. His problem is that he has provided details that defeat his own claim: that CMI was omitted as an "inherent" result of the works having "been converted into machine-learning training inputs." Compl. ¶ 102, 103. By alleging those facts, Beaulier has pleaded himself out of court on a Section 1202 claim.

**3.    Plaintiff Did Not Allege Intentional Removal and Cannot Backpedal Now**

**a.    Plaintiff Cannot Now Contradict His Prior Allegation**

Perhaps recognizing that the allegation that loss of CMI was "inherent" defeats his claim, Compl. ¶¶ 103-04, Beaulier now backpedals and claims that this loss was "an avoidable design choice." Opp. at 8. As explained above, Plaintiff cannot now contradict his own pleadings. *See Crafty Prods., Inc.*, 389 F. Supp. 3d at 886 n.8. Both of these allegations cannot be true, and only one is alleged in the Complaint.

More particularly, Plaintiff attempts to erase the distinction between intentionally removing CMI, which may create liability, and intentionally undertaking some other action of which the loss of CMI is a side effect, such as processing data into a format that cannot accommodate CMI, which does not generate liability. But the case law consistently upholds that distinction.

*Logan v. Meta Platforms, Inc.*, 2023 WL 3668520 (N.D. Cal. May 24, 2023) remains the key case on this issue. Meta does not claim, as Plaintiff suggests, that *Logan* establishes a rule that the removal of CMI may ***never*** be considered intentional when accomplished through a uniform technical process. Opp. at 7. Instead, *Logan* simply recognizes that removal of CMI should not be deemed intentional where it is lost as a side effect of a uniform technical process. *Logan*, 2023 WL 3668520, at *6-7. That holding is consistent with how other courts have interpreted the statute. *See, e.g.*, *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part and remanded on other grounds,* 336 F.3d 811 (9th Cir. 2003) (a Section 1202 claim requires that "Defendant's actions were intentional, rather than merely an unintended side effect of" the operation of a technical system).

Each of Plaintiff's cases is distinguishable. As noted above, *Doe 1* included allegations that the defendants "trained" and "designed" programs to specifically remove CMI. *Doe 1*, 672 F. Supp. 3d at 858. Plaintiff, by contrast, has alleged that separation of CMI is "inherent," not that Meta designed programs to remove CMI. Compl. ¶ 103. Similarly, the courts in *New York Times Co.* and *The Intercept Media, Inc.* found that plaintiffs sufficiently alleged that defendants "intentionally . . . chose not to extract author and title information," such that the information was

absent from the copies the defendants made as a result of that choice, and the complaints "described the algorithms" that were employed to omit CMI from those copies; there was no allegation that the loss of author and title information was inherent in some format conversion. *See New York Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 315 (S.D.N.Y. 2025); *The Intercept Media, Inc. v. OpenAI, Inc.*, 767 F. Supp. 3d 18, 29-30 (S.D.N.Y. 2025). Plaintiff has made no such allegation that would demonstrate intent here. Instead, he has affirmatively alleged the opposite: that CMI was separated from expressive content as the inherent result of preprocessing operations. Compl. ¶¶ 102, 103, 145.

Nor does *Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 4808984 (N.D. Cal. Oct. 6, 2025) support Plaintiff's position. Most fundamentally, that case cannot possibly tell us anything about what allegations do or do not suffice to plead intentional removal under Section 1202 because that element simply was not at issue in *Concord*: the motion before the court there did not address it. *Id.*, at *4. And even if it did, that case would be distinguishable for the same reason as the *New York Times* and *The Intercept* cases: the complaint in *Concord* alleged that the defendant had used the very same software tool at issue in those cases, and alleged that far from being inherent, that the defendant "chose this tool specifically because it was more effective at removing CMI compared to another tool." *Id.*

**4.    Plaintiff Has Not Pleaded That Meta Enabled or Induced Any Infringement, Let Alone with the Requisite Knowledge.**

Plaintiff agrees that the double scienter requirement for a Section 1202(b) claim requires the defendant (1) intentionally remove or alter CMI, while (2) having reasonable grounds to know that such removal would enable, facilitate, or conceal copyright infringement. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 675 (9th Cir. 2018). "At the summary judgment stage, this claim requires providing evidence that the alleged infringer knew that the removal of the CMI would 'induce, enable, facilitate, or conceal' copyright infringement." *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019). "At the pleading stage, the claimant must plead facts plausibly showing that the alleged infringer had this required mental state." *Id.* Beaulier has not done so here.

REPLY ISO MOTION TO DISMISS
CASE NO. 3:26-CV-02632 (CRB)

5

In his opposition, Plaintiff contends that the infringement he alleges was "enabled and concealed" was Meta's internal copying and use of the works. Opp. at 9. (It's not actually clear what Plaintiff is saying the effect of the removal was: sometimes he says that CMI removal "enabled and concealed" that infringement, Opp. at 9, sometimes he says that CMI removal "concealed or facilitated" that infringement. *Id.*) But neither the Complaint nor the Opposition say how an absence of CMI on purely internal copies could have enabled, facilitated, or concealed any infringement. Is his theory that Meta was concealing the origin of these materials from … Meta? Is his theory that Meta was concealing the origin of these materials from someone else, despite his allegation that Meta "publicly reported" in its own research paper, Compl. ¶¶ 109-110, that it used data from Objaverse-XL? Is his theory that the alleged infringement would not have been able to take place for some reason if the CMI had still been there, such that that the CMI removal enabled or facilitated the infringement? Plaintiff doesn't say. To survive a motion to dismiss, Plaintiff needs to plausibly allege some way that the world would have been different if the CMI was still attached to his works, and he hasn't.

Plaintiff's case citations to support the double scienter requirement fail for the same reason as their citations for intentional removal: the Complaint here does not contain the allegations that saved those other complaints. Those other cases involved allegations that the defendant's AI model was prone to output (or "regurgitate") the plaintiff's CMI when CMI was contained in the training data. *Kadrey v. Meta Platforms, Inc.*, 2025 WL 744032, at *2 (N.D. Cal. Mar. 7, 2025) (allegation that the defendant's AI model, different from the one at issue here, was "memorizing and generating outputs of CMI unless CMI was removed from its training data"); *Concord Music Grp.*, 2025 WL 4808984, at *4 (citing *Kadrey* and rendering the same holding on the basis that "Publishers have made similar allegations here." *Id*., at *5.). There are no such allegations here. There is also no allegation of any infringing output of Plaintiff's works from any AI model. Plaintiff's citation to *New York Times Co.*, in which such outputs were alleged, thus also does not help Plaintiff. 777 F. Supp. 3d 283 at 313 (allegation that CMI removal "allows defendants to provide plaintiffs' works directly to end users through regurgitating outputs, while concealing that defendants infringed plaintiffs' copyrights to generate those outputs").

For the foregoing reasons, and the reasons articulated in Meta's motion to dismiss, Plaintiff's Claim I, for "Removal or Alteration of Copyright Management Information" under 17 U.S.C. § 1202(b)(1), should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B.    Plaintiff's § 1202(b)(3) Claim Should Be Dismissed

Plaintiff's Section 1202(b)(3) claim fails for the reasons stated above, as well as for his failure to plead distribution in his Complaint.

As previously noted, Section 1202(b)(3) prohibits "distribut[ing], import[ing] for distribution, or publicly perform[ing] works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law," while "having reasonable grounds to know, that it will induce, enable, facilitate, or conceal" infringement. 17 U.S.C. § 1202(b)(3).

Here, the Complaint stated that Meta "used, distributed, and incorporated these CMI-stripped representations of Plaintiff's works **within** the training datasets used to develop its generative artificial intelligence systems." Compl. ¶ 162. Plaintiff's opposition confirms that he did not allege that Meta distributed CMI-stripped representations to anyone. Opp. at 11 ("Count II is not pleaded on a source-file-transfer theory."). Instead, Plaintiff appears to be claiming that Meta's "distribution" was from itself to itself.

That is not "distribution." In the Copyright Act, the exclusive right of distribution is the right "to distribute copies or phonorecords of the copyrighted work **to the public** by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3) (emphasis added). That is why "[c]ourts have understood the term 'distribute' in Section 1202(b)(3) to require a 'sale or transfer of ownership extending beyond that of a mere public display.'" *New York Times Co.*, 777 F. Supp. 3d 283 at 318; *Wright v. Miah*, 2023 WL 6219435, at *7 (E.D.N.Y. Sep. 7, 2023) (same); *FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*, 2022 WL 891473, at *23 (D. Minn. Mar. 25, 2022) (same).

Here, however, Plaintiff simply has not alleged that Meta sold or gave CMI-stripped representations to anyone. Because Plaintiff alleges only that copies moved internally within Meta, *see* Compl. ¶ 162; Opp. at 11, it has not sufficiently alleged distribution.

### C.    Plaintiff's Claims Should Be Dismissed with Prejudice

Perhaps recognizing the corner that he has painted himself into, Plaintiff asks that dismissal be without prejudice, and that leave to amend be granted. Opp. at 11. But it is well settled that "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his … claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997). Leave to amend is not granted where amendment "would be an exercise in futility," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), such as when a plaintiff's claim is "contradicted by its own factual allegations." *Intango, Ltd. v. Mozilla Corp.*, 2020 WL 12584274, at *6 (N.D. Cal. Aug. 25, 2020). Courts regularly dismiss with prejudice where, as here, "Plaintiff could not truthfully and plausibly plead any of these claims in an amended complaint without contradicting the basic, and non-actionable, facts [he] has already pled[.]" *Young v. Meta Platforms, Inc.*, 2025 WL 2930979, at *3 n.2 (N.D. Cal. Oct. 15, 2025). *See also, e.g.*, *Vera v. Warden*, 2022 WL 2820108, at *3 (N.D. Cal. July 19, 2022) (denying leave to amend plaintiff's Section 1983 claim because his allegations made clear that he was not harmed or wronged by defendants in a way that may form the basis of such a claim). Beaulier has told this court that CMI was lost as an inherent result of format conversion. That is incompatible with the CMI having been removed intentionally, so amendment would be futile.

### III.    CONCLUSION

For the foregoing reasons, Meta respectfully requests the Court dismiss Plaintiff's claims with prejudice.

Dated:  July 13, 2026

Respectfully submitted,

/s/ *Joseph C. Gratz*

MORRISON & FOERSTER LLP

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-6066
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac vice*)
Alexandra C. Hottenrott (*pro hac vice*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, D.C. 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant Meta Platforms, Inc.*

REPLY ISO MOTION TO DISMISS
CASE NO. 3:26-CV-02632 (CRB)

9