Joseph C. Gratz (CA SBN 240676)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac*)
Alexandra C. Hottenrott (*pro hac*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant META PLATFORMS, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AUSTIN BEAULIER,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | CASE NO. 3:26-cv-02632-CRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 8, 2027<br>Time: 10:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Charles R. Breyer |

TO PLAINTIFF AUSTIN BEAULIER AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2027 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Meta Platforms, Inc., through its undersigned counsel, will, and hereby does, move to dismiss Plaintiff's First Amended Complaint.

Meta seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the First Amended Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

Dated: October 21, 2026

MORRISON & FOERSTER LLP

/s/ *Joseph C. Gratz*

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac*)
Alexandra C. Hottenrott (*pro hac*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant Meta Platforms, Inc.*

## STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issue:

1. **Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) (Removal of Copyright Management Information) (Count I).** Whether this claim should be dismissed for failure to sufficiently allege the requisite intent to remove or alter copyright management information.

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1
II. PLAINTIFF'S ALLEGATIONS ........ 2
III. LEGAL STANDARD ........ 3
IV. ARGUMENT ........ 3
   A. The FAC Still Fails to Allege Intent ........ 3
   B. Plaintiff Should Not Be Permitted an Opportunity to Replead ........ 5
V. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
744 F.3d 595 (9th Cir. 2014)........................................ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................ 3, 4, 5

*Beaulier v. Meta Platforms, Inc.*,
No. 26-cv-02632-CRB, 2026 WL 2521848 (N.D. Cal. Aug. 26, 2026)........................ *passim*

*Hernandez v. Schaad*,
No. 17-cv-04055-HSG, 2017 WL 6731624 (N.D. Cal. Dec. 29, 2017)........................ 3, 5

*Logan v. Meta Platforms, Inc.*,
No. 22-CV-01847-CRB, 2023 WL 3668520 (N.D. Cal. May 24, 2023)........................ 3, 6

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009)........................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

In his First Amended Complaint ("FAC"), Plaintiff attempts to overcome the issue that led to the dismissal of the initial complaint: that he failed to plead *intentional* removal of CMI. He goes so far as to directly contradict some of his prior allegations. But like the initial complaint, the FAC fails to plead *intentional* removal because it continues to allege a process whose purpose was to render works usable for training—that is, to keep what was useful for Meta's engineering purposes—rather than a process whose purpose was to eliminate CMI.

On August 26, 2026, this Court dismissed both counts of Plaintiff's original Complaint (Dkt. 1, "Compl.") for failure to state a claim. The Court held that "retaining useful portions of information and discarding the rest is not sufficient to demonstrate intent," and it granted leave to amend on a single question: "whether Meta targeted the CMI or merely lost it as an incidental byproduct of conversion." *Beaulier v. Meta Platforms, Inc.*, No. 26-cv-02632-CRB, 2026 WL 2521848, at *4–5 (N.D. Cal. Aug. 26, 2026). The FAC answers that question the same way the original Complaint did. It alleges that Meta "selectively preserved the per-work metadata useful to its engineering purposes—content hashes, file identifiers, quality scores—while discarding the adjacent fields identifying each work's creator and license." FAC ¶ 133. In other words, the allegation is still that Meta retained what was useful and discarded the rest.

The FAC's two additions do not change the result. Its new allegation that the loss of CMI was "avoidable at negligible cost," FAC ¶ 116, shows at most that Meta could have kept more; it says nothing about whether Meta configured its system to "scope out and delete CMI," *Beaulier*, 2026 WL 2521848, at *4. And its assertions that Meta "singled out and excised CMI," FAC ¶ 133, are labels applied to the same conduct, drawn from the same published description of SAM 3D that Plaintiff previously read to show that the loss of CMI was a "foreseeable and inherent consequence" of training. Compl. ¶ 103.

Plaintiff has now twice failed to plead intent. The FAC should be dismissed with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

This case involves Meta's SAM 3D system, a generative AI model "designed to generate high-quality 3D objects from single 2D images." FAC ¶ 12. Plaintiff, a 3D artist, alleges that works he published on Sketchfab and other repositories were indexed in the Objaverse-XL dataset and used to train SAM 3D, and that Meta's training data omitted the creator and license information that originally accompanied them. *Id.* ¶¶ 24–29, 110–16.

Plaintiff's original Complaint alleged that the separation of that information from the works was "a foreseeable and inherent consequence of using large-scale creative datasets to train generative artificial intelligence systems." Compl. ¶ 103. This Court dismissed. It held that Plaintiff's allegations described "a uniform transformation that incidentally sheds CMI," not "a discrete act that singles out CMI," and that "retaining useful portions of information and discarding the rest is not sufficient to demonstrate intent." *Beaulier*, 2026 WL 2521848, at *3–4. It observed that Plaintiff's contention that the loss of CMI was "an avoidable design choice" "appear[ed] nowhere in the complaint." *Id.* at *4. And it granted leave to amend on "[t]he single element on which Count I fails": "whether Meta targeted the CMI or merely lost it as an incidental byproduct of conversion." *Id.* at *5.

The FAC drops the distribution claim and reasserts a single count under Section 1202(b)(1). FAC ¶¶ 168–88. It characterizes Meta's conduct as targeted, asserting that Meta's "pipeline singled out and excised CMI," *id.* ¶ 133, and that the omission of CMI "reflects a decision about which fields to retain," *id.* ¶ 1. According to the FAC, the decision about what fields to retain was based on what served Meta's engineering purposes: Meta, the FAC says, "used the portions of that metadata that served Defendant's engineering purposes," *id.* ¶ 110, and "selectively preserved the per-work metadata useful to its engineering purposes—content hashes, file identifiers, quality scores," *id.* ¶ 133. It adds that the separation of CMI "was avoidable at negligible cost, because the CMI was conveyed in machine-readable form within and alongside the works and could have been carried forward in Defendant's training records." *Id.* ¶ 116. And it withdraws the allegation on which the original Complaint rested: "Plaintiff does not allege that machine-learning training inherently or necessarily severs works from their CMI." *Id.* ¶ 139.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court accepts factual allegations as true and views them in the light most favorable to the plaintiff, "a formulaic recitation of the elements of a cause of action" and "naked assertion[s]" devoid of further factual backing are insufficient. *Id.*

When an amended complaint contradicts a prior complaint, "the court may also consider the prior allegations as part of its context-specific inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief." *Hernandez v. Schaad*, No. 17-cv-04055-HSG, 2017 WL 6731624, at *3 (N.D. Cal. Dec. 29, 2017).

## IV. ARGUMENT

### A. The FAC Still Fails to Allege Intent

The FAC does not allege intentional removal because it continues to allege that Meta retained what was useful for its engineering purposes and discarded the rest. This Court held that Section 1202(b)(1) does not reach "an 'unintended side effect' of a uniform process," as opposed to "a targeted act directed at severing CMI from a work," *Beaulier*, 2026 WL 2521848, at *3 (discussing *Logan v. Meta Platforms, Inc.*, No. 22-CV-01847-CRB, 2023 WL 3668520, at *6 (N.D. Cal. May 24, 2023)), and that the claim turns on the distinction "between a uniform transformation that incidentally sheds CMI and a discrete act that singles out CMI," *id.* Applying that distinction, the Court held: "As it stands, retaining useful portions of information and discarding the rest is not sufficient to demonstrate intent." *Id.* at *4. The question on amendment was therefore "whether Meta targeted the CMI or merely lost it as an incidental byproduct of conversion." *Id.* at *5. The facts (as opposed to the labels) set forth in the FAC continue to describe that the loss of CMI was incidental.

The FAC adds detail about which fields Meta allegedly retained, but the only reason for such removal it supports with factual allegations is the same one the Court has already found insufficient. According to Beaulier, Meta's systems "used the portions of that metadata that served Defendant's engineering purposes." FAC ¶ 110. "Defendant selectively preserved the per-work metadata useful to its engineering purposes—content hashes, file identifiers, quality scores—while discarding the adjacent fields identifying each work's creator and license . . . ." *Id.* ¶ 133. "The fields Defendant kept were those useful to model training and corpus management; the fields Defendant discarded were those that identified the works' creators and the legal restrictions on the works' use." *Id.* ¶ 113. Thus here, as in the original complaint, "[t]he purpose of this process, as pleaded, is to render the works usable for training rather than to strip them of CMI." *Beaulier*, 2026 WL 2521848, at *4. That the discarded fields included CMI shows only that CMI was among what was lost; it says nothing about whether CMI was "singled out for removal." *Id.* An allegation that Meta kept what it needed and did not keep what it did not need is, at most, "merely consistent with" intentional removal, and the FAC itself affirmatively alleges the "obvious alternative explanation," *Iqbal*, 556 U.S. at 678, 682 (quotation omitted): that the criterion was not CMI-or-not, but instead useful-or-not.

The FAC contains new allegations about how, *if it had been useful for some engineering purpose*, additional information "could have been carried forward in Defendant's training records." FAC ¶¶ 115-116. It alleges that those new records could have been created "at negligible cost." FAC ¶ 74. But this does not tell us anything probative, because there is a wide gulf between the situation the FAC alleges, in which it is theoretically possible to go to extra effort to create additional records of the CMI that connect in some way to machine learning inputs, and the question posed by this Court in its dismissal order: whether Meta "configured the system to scope out and delete CMI that the system could otherwise have preserved." *Beaulier*, 2026 WL 2521848, at *4.[1]

---

[1] Indeed, that Plaintiffs say that Meta should have affirmatively configured its training systems to create additional records that trace the "transformed . . . machine learning inputs," FAC ¶ 15, makes intentional removal from a format that could accommodate CMI less plausible, rather than more plausible, particularly since the underlying question is whether "Meta's removal of CMI was

Any selective process always could have been less selective, and retained more; the question is what criterion was used to select what was retained. The FAC asserts that Meta "stripped" the works' CMI "nonetheless," FAC ¶ 114; that Meta's "pipeline singled out and excised CMI while leaving the works themselves intact," *id.* ¶ 133 (echoing *Beaulier*, 2026 WL 2521848, at *3); that the omission of CMI "reflects a decision about which fields to retain," FAC ¶ 1, and was "the product of deliberate design, configuration, and curation choices," *id.* ¶ 177; and that Meta's "removal of CMI was intentional," *id.* ¶ 133. These are Beaulier's characterizations of the conduct the FAC describes (selecting fields based on their usefulness), not additional facts about it. The FAC's account of what Meta did rests on the same published description of SAM 3D on which the original Complaint relied, *id.* ¶¶ 13, 121–25 & n.3, and which Plaintiff previously read to allege that separation of CMI was a "foreseeable and inherent consequence" of training, Compl. ¶ 103. The Court may consider that prior pleading "as part of its context-specific inquiry based on its judicial experience and common sense." *Hernandez*, 2017 WL 6731624, at *3. Relabeling the same conduct does not make intent more plausible, and Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Absent "a deliberate, CMI-centered choice, rather than a mere byproduct in which CMI is lost," the FAC still "fails to allege that Meta intentionally removed CMI." *Beaulier*, 2026 WL 2521848, at *4.

Because intent is "[t]he single element on which Count I fail[ed]," *id.* at *5, and the FAC still does not plausibly plead it, Count I should be dismissed, this time with prejudice.[2]

### B. Plaintiff Should Not Be Permitted an Opportunity to Replead

Dismissal without leave to amend is appropriate when it is clear that a complaint's deficiencies cannot be cured by amendment, or when the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities to do so. *See Zucco Partners, LLC v.*

---

intentional rather than an incidental byproduct of a process undertaken for a different purpose." *Beaulier*, 2026 WL 2521848, at *3.

[2] The FAC also remains subject to dismissal on the additional grounds that were advanced in Meta's motion to dismiss the initial Complaint (Dkt. 21), but in light of the Court's ruling on that motion, Meta does not repeat them here.

*Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Plaintiff has twice failed to sufficiently allege that Meta intentionally removed CMI from his works in connection with the training of its SAM 3D generative AI model. This Court told Plaintiff exactly what was missing: facts showing "whether Meta targeted the CMI or merely lost it as an incidental byproduct of conversion." *Beaulier*, 2026 WL 2521848, at *5. In response, Plaintiff abandoned his allegation that the loss of CMI was "inherent," *compare* Compl. ¶ 103, *with* FAC ¶ 139, but he still alleges only that Meta kept what was useful and discarded the rest, *see* FAC ¶¶ 110, 113, 133. That is the same theory this Court, applying *Logan*, already found insufficient. There is no reason to believe a third attempt would fare any better. Indeed, it is difficult to imagine how, having alleged that the fields were selected for their engineering usefulness, Beaulier could allege intentional removal consistent with Rule 11. *See, e.g.*, *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (concluding that leave to amend would be futile because "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding") (quotation omitted).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claim for "Removal or Alteration of Copyright Management Information" under 17 U.S.C. § 1202(b)(1) should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: October 21, 2026

Respectfully submitted,

/s/ *Joseph C. Gratz*

MORRISON & FOERSTER LLP

Joseph C. Gratz (CA SBN 240676)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com

Evan Gourvitz (*pro hac*)
Alexandra C. Hottenrott (*pro hac*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 336-5154
Telephone: (212) 336-4407
Email: egourvitz@mofo.com
Email: lhottenrott@mofo.com

Isabel Peraza (CA SBN 339143)
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1597
Email: iperaza@mofo.com

*Counsel for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ *Joseph C. Gratz*

Joseph C. Gratz (CA SBN 240676)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Email: jgratz@mofo.com